IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIMOSE FLEURY<br>29 East Line Street<br>Pennsgrove, NJ 08069<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TPS PARKING MANAGEMENT, LLC<br>d/b/a The Parking Spot<br>7780 Essington Ave<br>Philadelphia, PA 19153<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.　This action has been initiated by Mimose Fleury (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against TPS Parking Management, LLC (*hereinafter* referred to as "Defendant" unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*).[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff plans to amend the instant complaint to include claims under the Americans with Disabilities Act, as amended ("ADAAA" - 42 USC §§ 12101 *et. seq.*) if and when those claims become administratively exhausted with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff currently has a charge pending with the EEOC (Charge No.: 530-2013-01234). Those claims will be similar to Plaintiff's PHRA claims as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a for-profit entity which operates parking garages at airports throughout the United States including the one at which Plaintiff was formerly employed in Philadelphia, PA (located at the above captioned address).

8. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant has and continues to employ over 50 employees per calendar year for at least the last 5 years, and Defendant engages in a variety of business relationships generating revenue by engaging in the business of operating parking lots.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about June of 2007 as a cashier.

12. Plaintiff has and continues to suffer from various mental and physical impairments including but not limited to anxiety and hypertension.

13. Plaintiff's aforementioned impairments limit her from enjoying several major life activities including but not limited to - at times - working, running, exercising, concentrating, communicating, and other activities.

14. In or about August of 2012, Plaintiff took a brief medical leave from work for approximately one week due to her aforementioned disabilities.

15. Plaintiff informed Defendant's management that her aforementioned medical leave was related to her disabilities.

16. Defendant's management did not provide Plaintiff with any notification of her rights under the Family and Medical Leave Act ("FMLA"), as required by the provisions of the FMLA (although Plaintiff was eligible for such leave).[2]

17. Upon Plaintiff's return to work, Plaintiff was informed that she was being removed from full-time status and being put "on call" because there was no full-time position available for her.

18. Although Plaintiff regularly called in to ask for shifts, Plaintiff was only assigned one (1) shift following her return from medical leave, which was on or about September 3, 2012.

19. Soon after Plaintiff's final shift on or about September 3, 2012, Plaintiff asked Defendant's management about returning to work full time.

20. Defendant's management told Plaintiff that she would have to reapply if she wanted a full time position.

21. Defendant's management never gave Plaintiff another shift following September 3, 2012, even though she repeatedly asked for more shifts.

22. Plaintiff took a brief medical leave and was immediately removed from her full time position upon her return to work. After Plaintiff was placed on call, she was only ever called in for one shift, effectively resulting in the termination of her employment.

23. Based on the foregoing, Plaintiff believes and therefore avers that she had her hours reduced and was subsequently terminated due to her medical conditions and/or because of her medical leave.

---

[2] An employee need not specifically mention the FMLA when requesting leave in order to trigger the protections of the act. *See St. Cyr v. Brandywine Senior Living, LLC*, 2012 U.S. Dist. LEXIS 85426, 14-15 (D.N.J. 2012) (holding that an eligible employee only need request time off for a serious health condition and it is the employer's responsibility to inquire further and determine if the leave is FMLA qualifying or not.)

## COUNT I
### Violations of the Family & Medical Leave Act ("FMLA")
### (Interference & Retaliation)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was employed with Defendant for over one year.

26. Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

27. Plaintiff took an FMLA qualifying leave.

28. Defendant's management did not provide Plaintiff with the required notification of rights pursuant to the FMLA, although they knew of her leave pursuant to her medical condition and knew that she was qualified for FMLA leave.

29. Upon Plaintiff's return from her aforementioned medical leave, Defendant's management did not reinstate Plaintiff to her previous position and instead told her that her previous position was unavailable.

30. Defendant's management placed Plaintiff into an on-call position and terminated her in exceedingly close proximity to her use of FMLA-qualifying leave.

31. Defendant's management also attempted to dissuade Plaintiff from utilizing FMLA leave by not providing her with the proper notifications.

32. Plaintiff therefore believes that she was terminated for FMLA qualifying absences and/or or to prevent her from taking further FMLA leave in the future, actions which constitute interference and retaliation under the FMLA.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Discrimination & Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the PHRA by timely filing a Charge with the Pennsylvania Human Relations Commission ("PHRA") and by waiting at least one (1) year before filing the instant complaint.

35. Defendant's management terminated Plaintiff's employment extremely soon after she disclosed her health conditions to management and utilized medical leave (as discussed *supra*).

36. Plaintiff was terminated by Defendant because of: (1) her known health conditions; (2) her perceived health conditions; and/or (3) due to her record of impairment.

37. Plaintiff was also terminated in retaliation for requesting and/or utilizing medical accommodations from Defendant (in the form of a brief medical leave).

38. These actions as aforesaid constitute unlawful discrimination and retaliation under the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.    Plaintiff is to be awarded liquidated damages, as permitted by applicable law, including the Family and Medical Leave Act, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering, as permitted by applicable law, including the Pennsylvania Human Relations Act);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.    Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 5, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Mimose Fleury | : | CIVIL ACTION |
| v. | : | |
| TPS Parking Management, LLC d/b/a The Parking Spot | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 8/5/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 29 East Line Street, Pennsgrove, NJ 08069

Address of Defendant: 7780 Essington Avenue, Philadelphia, PA 19153

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Ari R. Karpf, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: 8/5/2014 _____ ARK2484
                  Attorney-at-Law       Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/5/2014 _____ ARK2484
                  Attorney-at-Law       Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fleury, Mimose

**(b)** County of Residence of First Listed Plaintiff: Salem
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, PC, 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
TPS Parking Management, LLC d/b/a The Parking Spot

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family and Medical Leave Act "FMLA" 29USC2611
Brief description of cause:
Violations of the FMLA and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 8/5/2014  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____